# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM HAHNEL, | : |
| *Plaintiff,* | : CIVIL ACTION NO: 12-cv-1359 |
| v. | : |
| SANTANDER CONSUMER USA, INC. a/k/a DRIVE FINANCIAL SERVICES, LP, | : |
| *Defendant.* | : SEPTEMBER 21, 2012 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Santander Consumer USA, Inc. ("Defendant")[1] hereby gives notice of the removal of the action styled *William Hahnel v. Santander Consumer USA, Inc. a/k/a Drive Financial Services, LP*, bearing Civil Action No. KNL-CV-12-5014471-S (the "State Court Action") from the Superior Court of the State of Connecticut, Judicial District of New London, to the United States District Court for the District of Connecticut. In support of this Notice of Removal, Santander states as follows:

### I.   GROUNDS FOR REMOVAL

1.   28 U.S.C. § 1441 establishes when an action is removable. Section 1441(a) states that "any civil action brought in a state of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the

---

[1] Santander Consumer USA, Inc. is the successor by mergers to Drive Financial Services, LP. *See* Corporate Disclosure Statement of Santander Consumer USA, Inc., filed simultaneously herewith. Drive Financial Services, Inc. no longer exists as a distinct legal entity.

United States for the district and division embracing the place where such action is pending."

2. This Court's subject matter jurisdiction and the Defendant's basis for removal are founded upon federal question jurisdiction. *See* 28 U.S.C. § 1331. Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The State Court Action involves claims that arise under the laws of the United States including, <u>inter alia</u>, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

3. Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located in this district.

## II. REMOVAL IS TIMELY

4. 28 U.S.C. § 1446 establishes the time frame and procedure to properly effectuate removal.

5. 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceedings shall be filed within thirty days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6. Plaintiff filed his Complaint and served it on Defendant on August 27, 2012. Less than thirty days have elapsed since then. This Notice of Removal is, therefore, timely filed.

## III. ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

7. 28 U.S.C. § 1446(a) requires defendants seeking to remove a civil action to file "a copy of all process, pleadings, and orders served upon such . . . defendants in such action." Attached as **Exhibit A** is a true and accurate copy of the papers served upon Defendant in the State Court

Action.

8.      All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service and by Notice to Party of Removal directed to Plaintiff and which will be promptly filed in the State Court Action.  A copy of the Notice to Party of Removal to be filed in the Superior Court on this date (without exhibits) is attached hereto as **Exhibit B**.

9.      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly notify the Superior Court of the State of Connecticut, Judicial District of New London, of the filing of this Notice.  A copy of the Notice to State Court of Removal to be filed in the Superior Court on this date (without attachments) is attached hereto as **Exhibit C**.

10.     A Civil Cover Sheet is attached hereto as **Exhibit D**.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Santander Consumer USA, Inc. hereby removes to this Court the action styled *Anmbreen William Hahnel v. Santander Consumer USA, Inc. a/k/a Drive Financial Services, LP*, bearing Civil Action No. KNL-CV-12-5014471-S from the Connecticut Superior Court for the Judicial District of New London.

Respectfully Submitted,

DEFENDANT,
SANTANDER CONSUMER USA, INC.


By /s/ Michael T. Grant
   Michael T. Grant (ct27968)
   LeClairRyan, *A Professional Corporation*
   One International Place, 11th Floor
   Boston, MA  02110
   (617) 502-8200
   michael.grant@leclairryan.com

   Its Attorneys


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2012, a copy of the foregoing was served, via U.S. mail, postage prepaid, on the following:

William Hahnel
169 Old Colchester Road
Salem, CT 06420


By /s/ Michael T. Grant
   Michael T. Grant (ct27968)